IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINFONG SIT and MEE WAI CHIU,<br><br>        Plaintiffs,<br><br>   v.<br><br>GENENTECH, INC. TAX REDUCTION INVESTMENT PLAN; AYUMI NAKAMOTO; and DOES 1 to 20,<br><br>        Defendants.         / | No. C 12-04864 SI;<br>Related Case: No. C 12-05077 SI<br><br>**ORDER DENYING MOTION TO REMAND; STAYING PROCEEDINGS IN PART; VACATING EXISTING DATES** |

Now before the Court is plaintiffs Kinfong Sit and Mee Wai Chiu's motion to remand. Defendants Genentech Tax Reduction Investment Plan ("TRIP") and Ayumi Nakamoto oppose the motion. On December 7, 2012, the Court held a hearing on the motion. Having considered the parties' arguments, the Court hereby DENIES plaintiffs' motion to remand and STAYS proceedings in this Court IN PART, for the reasons set forth below. Dkt. No. 18.

**BACKGROUND**

Kin Kui Sit was an employee of Genentech who died on June 19, 2011. Compl. ¶ 6. While employed at Genentech, Mr. Sit participated in defendant Genentech's Tax Reduction Investment Plan (hereinafter sometimes "Genentech Plan"). *Id.* Prior to his death, Mr. Sit completed a "Beneficiary Election Form" naming plaintiffs Kinfong Sit and Mee Wai Chiu, his brother and cousin, respectively, as the intended beneficiaries of his Genentech account. *Id.*; Ex. 1. Although Mr. Sit's "Beneficiary

Election Form" indicates that he was unmarried, at the time of his death he remained legally wed to Ayuni Nakamoto. *Id.* ¶ 9; Ex. 1. In fact, Mr. Sit filed an action for the dissolution of his marriage on November 23, 2009, in San Francisco Superior Court. *Id.* ¶ 9. However, Mr. Sit did not obtain a divorce decree prior to his death. *Id.* Thus, pursuant to the Genentech Plan, Mr. Sit was required to obtain spousal consent in order to designate someone other than his spouse as his beneficiary. *See* Compl. in Interpleader, Case No. 12-5077 SI. ("CIP") ¶ 12. Because Mr. Sit never obtained spousal consent (CIP ¶ 12) the parties agree that his wife, defendant Ayumi Nakamoto, may claim the proceeds of Mr. Sit's Genentech account, unless an exception applies.

The Genentech Plan provides an exception to the spousal consent requirement, where "the Participant establishes...that written spousal consent may not be obtained because there is no spouse or the spouse cannot be located, or because of other circumstances specified under Section 417(a)(2) of the [Internal Revenue] Code." Section 417(a)(2) of the Internal Revenue Code, in turn, provides that spousal consent is not required where it "may not be obtained because there is no spouse, because the spouse cannot be located, or because of such other circumstances as the Secretary may by regulations prescribe." 26 U.S.C. § 417(a)(2). Regulations promulgated by the Secretary of the Treasury that relate to qualified joint and survivor annuities provide that spousal consent is not required where "the participant has been abandoned (within the meaning of local law) and the participant has a court order to such effect unless a [qualified domestic relations order] provides otherwise." 26 C.F.R. § 1.401(a)-20(A-27).

In their January 23, 2012, letter seeking to obtain Mr. Sit's benefits from his Genentech Plan account, plaintiffs argued that this exception applied to excuse the spousal consent requirement in this case. CIP ¶ 13, Ex. D. Plaintiffs noted that during over 5 years of marriage, defendant Nakamoto spent less than 5 months with Mr. Sit and visited him briefly only once after his August 2009, cancer diagnosis. Compl. Ex. 2. Although plaintiffs conceded that a court had not yet issued an abandonment order at the time of Mr. Sit's death, they argued that defendant Nakamoto had in fact legally abandoned Mr. Sit and a court would likely agree and issue such an order in the future. *Id.* TRIP disagreed and denied plaintiffs' benefits claim because they had not actually obtained such an order prior to Mr. Sit's death. *Id.* Moreover, TRIP's denial letter stated that even if plaintiffs could obtain such an order, it

2

would likely be unenforceable based on case law holding that "a surviving spouse benefit vests on the date of the participant's death and a proposed [qualified domestic relations order] entered posthumously is not enforceable." Ex. D at 3. Thus, the core legal dispute between plaintiffs and TRIP is whether, under California law, plaintiffs can obtain abandonment order posthumously, and subsequently, whether that order would be valid for ERISA purposes.

On August 30, 2012, plaintiffs filed a civil action against TRIP, Nakamoto, and Doe Defendants in San Mateo County Superior Court. Plaintiffs' verified complaint asserts four causes of action: (1) declaratory relief against all defendants that defendant Nakamoto did abandon the late Mr. Sit prior to June 12, 2012; (2) a claim for benefits under Section 502(a) of ERISA [29 U.S.C. § 1132(a)] against TRIP; (3) imposition of a constructive trust against TRIP; and (4) breach of fiduciary duty against TRIP. On September 17, 2012, defendant TRIP removed the case to this Court,[1] and on September 28, 2012, TRIP filed a complaint in interpleader seeking to obtain equitable relief under ERISA Section 502(a)(3) as between the competing beneficiaries Nakamoto and Sit and Chiu. *Genentech v. Sit, et al.*, Case No. 12-5077 SI (N.D. Cal).

On October 4, 2012, plaintiffs filed the instant motion to remand. Plaintiffs' motion raises three distinct grounds for remand: (1) remand the entire action to San Mateo County Superior Court because of procedural flaws in defendant TRIP's removal; (2) remand only the first cause of action for declaratory judgment as to abandonment to the San Mateo County Superior Court and stay the remaining proceedings under the Court's discretionary power to sever the federal claims from the state law claims; or (3) stay all proceedings in this Court, pursuant to the *Colorado River* abstention doctrine, until the San Francisco County Superior Court rules on the issue of abandonment and/or separation in a separate action between the parties currently pending there. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Both defendants oppose any remand on the grounds that plaintiffs' claims are preempted by ERISA or that plaintiffs have not justified application of *Colorado River* abstention.

---

[1] Defendant Nakamoto's consent to removal was not required because plaintiffs had not yet been served her with the complaint in this case. *See* 28 U.S.C. § 1446(a)(2)(A).

**DISCUSSION**

Although plaintiffs' complaint state four causes of action, the core legal dispute is whether, under California law, plaintiffs can obtain a valid abandonment order posthumously, and whether such an order would be valid under ERISA. While TRIP argues that it would not honor such an order because it would be unobtainable or unenforceable, that question is for a Court to decide, not TRIP. Plaintiffs' first cause of action, which specifically asks this Court to declare that defendant Nakamoto abandoned Mr. Sit, impliedly presumes that a court may issue such a posthumous order. As the parties note, while other courts have addressed similar situations, this case presents a novel question under California law, where the only analogous case the Court is aware of suggests that in some circumstances, a qualified domestic relations order may be obtained after the death of the plan participant. *See Trustees of the Directors Guild of America-Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 421 (9th Cir. 2000).

To complicate matters, plaintiffs and defendant Nakamoto are currently parties to another action in San Francisco County Superior Court involving similar issues. In that case, *Nakamoto v. Sit*, San Francisco Sup. Ct. Case No. CGC-12-520301, filed on April 26, 2012, Nakamoto challenges the validity of Mr. Sit's will, which created a revocable trust for the benefit of Kinfong Sit and Mee Wai Chiu, among others, and the division of other community property after Mr. Sit's death. *See* "Verified Complaint," *Nakamoto v. Sit*, San Francisco Sup. Ct. Case No. CGC-12-520301. As affirmative defenses in that case, Kinfong Sit and Mee Wai Chiu asserted that Nakamoto was legally "separated" or had "abandoned" Mr. Sit. Goddard Decl. II, Ex. 1 at 5 (Dkt. 55). Thus, the San Francisco County Superior Court is confronted with nearly the same legal issue as presented by plaintiffs' first cause of action in this case: whether Nakamoto abandoned Mr. Sit and impliedly, whether a court applying California law can make such an abandonment finding posthumously.

Plaintiffs' motion to remand, thus, presents a vexing problem. If this Court denies the motion and addresses the abandonment dispute, there is a risk that the San Francisco County Superior Court and this Court reach inconsistent decisions on the abandonment question. Even if this Court grants plaintiffs' motion for any of the three reasons discussed in the parties' papers, there remains a risk that multiple courts will adjudicate the same core legal dispute – whether Mr. Sit was abandoned and

4

whether plaintiffs' can obtain an enforceable order to that effect after Mr. Sit's death. The San Francisco County Superior Court proceeding is currently scheduled for trial on April 8, 2013. Dkt. 53 at 2. Although the Court is highly skeptical of TRIP's argument that the abandonment cause of action is preempted by ERISA, the Court agrees with TRIP's position that a remand or stay pursuant to *Colorado River* abstention doctrine is inappropriate here where the state court action will not resolve all the issues between the parties. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989) ("the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses"). If the Court cedes jurisdiction over the claim for declaratory judgment of abandonment to the San Mateo County Superior Court, that would not resolve plaintiffs' additional causes of action, including the ERISA claim.

Therefore, because plaintiffs' proposed remand would not address the underlying problem of duplicative, potentially inconsistent rulings, the Court DENIES plaintiffs' motion to remand. However, a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* (quoting *Leyva*, 708 F.2d at 863-64).

While it is possible that the San Francisco County Superior Court proceeding will not address the abandonment issue, as a matter of judicial economy and fairness, it is appropriate to first allow that court to review the issue. Should that case conclude without the court ever ruling on the issue, then plaintiffs' may wish to revisit their motion to remand only the declaratory judgment of abandonment cause of action to the San Mateo County Superior Court. At present, the Court finds that the fairest and most efficient outcome is to stay all proceedings in this case, except as to any matters that are purely issues of law, pending resolution of the San Francisco County Superior Court case.

5

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand and STAYS IN PART the proceedings in this case. As to any matters that are purely issues of law, the parties may request leave of the Court to file any additional motion. All existing dates in this case are hereby VACATED. The parties shall promptly notify the Court when the San Francisco County Court action resolves the abandonment issue or that case otherwise concludes.

**IT IS SO ORDERED.**

Dated: December 26, 2012

SUSAN ILLSTON
United States District Judge